819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy E. BYRD, Appellant,
v.
The CITY OF FAYETTEVILLE, NC; The Civil Service Commission
of the City of Fayetteville, NC; The Fayetteville Police
Department, Fayetteville, NC; D.K. Dixon, Individually and
in his capacity as the Chief of Police of Fayetteville, NC;
Harvey Beard, Individually and in his official capacity as a
member of the Civil Service Commission of the City of
Fayetteville, NC; Shelton Norris and Herbert W. Vick, all
individually and in official capacities as Members of the
Civil Service Commission of the City of Fayetteville, NC, Appellees.
and
Jean Pridgen, individually and in official capacity as a
Member of the Civil Service Commission of the City
of Fayetteville, NC, Defendant.
 No. 86-3530.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1986.
Decided May 26, 1987.
 
 Before WIDENER, SPROUSE and ERVIN, Circuit Judges.
 Jack E. Carter, on brief, for appellant.
 Carl A. Barrington, Jr. for appellee D.K. Dixon.
 Walker Y. Worth, Jr., Robert C. Cogswell, Jr., on brief, for appellees.
 PER CURIAM:
 
 
 1
 Billy Byrd appeals the entry of summary judgment for defendants Dixon, Beard, Norris, Vick, and the Fayetteville Civil Service Commission. Byrd additionally appeals the dismissal of his action against the City of Fayetteville and the Fayetteville Police Department for failure to state a claim, Fed.R.Civ.P. 12(b)(6). Also pending before the Court is the appellees' motion to dismiss a portion of Byrd's appeal. For the reasons below, we deny appellees' motion to dismiss, and affirm the judgment below.
 
 
 2
 This appeal arises out of the termination of Byrd as a police officer for the Fayetteville Police Department. Byrd lost his job after the Civil Service Commission upheld a superior's decision to terminate Byrd. Byrd filed a 42 U.S.C. Sec. 1983 action, alleging that his superior, Dixon, the Civil Service Commission, and its individual members, both in concert and individually deprived Byrd of his due process right to an impartial hearing, his due process right not to be deprived of his liberty interest in employment, and also denied him equal protection of the laws, in derogation of the Fourteenth Amendment. Byrd also alleged a violation of 42 U.S.C. Sec. 1985.
 
 
 3
 The district court in its order of November 21, 1984 dismissed Byrd's Sec. 1985 claim under Fed.R.Civ.P. 12(b)(6). The court also found that Byrd had failed to establish a liberty interest in continued employment. Finally, the district court dismissed defendants the City of Fayetteville and the Fayetteville Police Department, reasoning that neither the City nor the Department was involved in the decision to terminate Byrd. Byrd appeals the dismissal of these parties.
 
 
 4
 By its order of January 27, 1986, the district court granted summary judgment to the remaining defendants. The defendants' motions for summary judgment went unopposed by Byrd. The district court accordingly accepted the facts as set out in the defendants' affidavits and in the transcript of Byrd's hearing before the Commission. The district court found that Byrd, while having a constitutionally protected property interest in his employment, had not been deprived of that interest without due process.
 
 
 5
 Byrd subsequently filed a post-judgment motion. Byrd argued that the district court's local rules were in conflict with the Federal Rules of Civil Procedure, and that Byrd's counsel was laboring under the assumption that he had until ten days before the hearing in which to respond to defendants' motion. Byrd argued in the alternative that because the rules were ambiguous, the court should find excusable neglect and vacate the entry of summary judgment. Byrd also included a reply to defendants' motions, and filed counter-affidavits. After the district court denied Byrd's post-judgment motion, Byrd appealed.
 
 
 6
 The appellees in their motion to dismiss a portion of Byrd's appeal argue that Byrd presented no argument or authorities to support his claim that the granting of summary judgment was in error, in contravention of Fed.R.App.P. 28(a)(4). Byrd's argument, however, goes not to the substantive, but to the procedural validity of the summary judgment. Accordingly, appellees' motion to dismiss a portion of the appeal is denied.
 
 
 7
 Byrd's first contention on appeal is that the district court erred in dismissing for failure to state a claim the City of Fayetteville and the Fayetteville Police Department. A predicate for municipal liability under Sec. 1983 is that individual officers must act pursuant to an official policy. Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability is limited to acts for which the municipality is actually responsible. Pembaur v. City of Cincinnati, --- U.S. ----, 54 U.S.L.W. 4289 (March 26, 1986). An additional requisite is an affirmative link between the policy and the constitutional violation alleged. City of Oklahoma City v. Tuttle, --- U.S. ----, 53 U.S.L.W. 4639, 4643 (June 3, 1985).
 
 
 8
 Byrd's complaint failed to meet the criteria above necessary to state a viable claim against a municipality. Byrd baldly states that his rights were violated pursuant to a "policy," but fails to state what that policy was, other than to "get him." More critically, however, Byrd cannot establish that either the City or the Police Department had responsibility or control over the acts of the Commissioners, the Commission, or Dixon, in employment decisions. Dixon and/or the Commission must be policy-makers for the defendants in order for liability to attach. The statutory structure makes plain, however, that the City and the Department had no say in employment decisions regarding police officers. The district court properly dismissed the City and the Department.
 
 
 9
 Byrd's second assertion on appeal is that the district court erred by granting summary judgment to defendants. The court entered summary judgment on the unopposed motion of defendants. Byrd filed a post-judgment motion, arguing that the entry of summary judgment was improper under the Rules. Byrd's counsel argued further that his failure to respond was due to excusable neglect, counsel having misinterpreted the rules. We can find no abuse of discretion in the denial of Byrd's motion, and no technical error in the entry of summary judgment for defendants.
 
 
 10
 Accordingly, we affirm the judgment below. We would note additionally that the record supports the conclusion that Byrd received all of the process to which he was entitled. See Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). As the facts and legal arguments are adequately presented in the briefs and record, we find that the decisional process would not be significantly aided by oral argument.
 
 
 11
 AFFIRMED.